■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN HUTCHINSON, ROBERT NICK BRUNO and STEVEN JAMES CORSO, Appellants. — Appeal by defendants from three judgments (one as to each of them) of the County Court, Suffolk County (Harris, J.),, all rendered May 11, 1981, convicting each defendant of assault in the second degree, upon a jury verdict, and imposing sentences. Judgments as to defendants Hutchinson and Bruno affirmed. No opinion. As to said defendants, the matter is remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Judgment as to defendant Corso reversed, on the law, and, as to said defendant, the indictment is dismissed and the case is remitted to the County Court, Suffolk County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. On May 10, 1980, defendant Steven Corso was driving eastbound on the Long Island Expressway with codefendant Brian Hutchinson and two other passengers. Codefendant Robert Bruno was driving another vehicle occupied by Salvatore Le Pore and two other passengers. Bruno cut off a third vehicle, operated by the complainant, and the complainant beeped his horn. Then, according to the complainant, Corso and Bruno forced him off the road, onto the exit ramp for Exit 60. At trial, the complainant testified that Hutchinson attacked him and knocked him unconscious. However, another witness, Donna Magun, testified that the complainant was attacked by three assailants. She identified codefendants Bruno and Hutchinson as two of those

assailants, but stated that the third assailant was not present in the courtroom, and, therefore, he could not have been Steven Corso. Another witness, Susan Lewis, saw three boys kicking the complainant, but did not identify Corso as one of those boys. Corso's extrajudicial statement to the police was also admitted in evidence. According to his statement, Corso did not participate in the fight; he only picked the complainant up when the fight was over, and put him on the side of the road. Corso did not take the stand. However, Brian Hutchinson, testifying in his own behalf, claimed that Corso only grabbed codefendant Bruno in an attempt to break up the fight. His testimony was corroborated by Salvatore Le Pore and other defense witnesses. Based upon this evidence, Corso was found guilty of assault in the second degree in that he acted in concert with Bruno and Hutchinson in assaulting the complainant. In our view, the verdict was not supported by the evidence adduced at trial. Corso's participation in the assault was not established, and the indictment against him must be dismissed. In view of this determination, we need not reach Corso's other allegations of error. Damiani, J. P., Lazer, Thompson and Rubin, JJ., concur.